IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHARLES R. CRABLE,** | **Case No. 1:23-cv-00978** |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **CITY OF CLEVELAND, et al.,** | |
| Defendants. | **MEMORANDUM OPINION & ORDER** |

Before the Court is pro se Plaintiff Charles R. Crable's ("Crable") Motion for Reconsideration filed on February 26, 2024. (Doc. No. 33.) On March 11, 2024, Defendants City of Cleveland ("the City"), Officer Alford, and Officer Parker (together, "Defendants") filed an Opposition. Crable did not file a reply in support of his Motion.

For the following reasons, the Court DENIES Crable's Motion for Reconsideration.

**I.    Relevant Procedural History**

On February 16, 2024, the Court granted Defendants' Motion for Judgment on the Pleadings and dismissed Crable's federal causes of action under 42 U.S.C. § 1983 for (1) unlawful seizure, (2) false arrest, (3) malicious prosecution, and (4) violations of *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978). (Doc. No. 31.) The Court concluded that Crable did not plausibly allege that Officers Alford and Parker lacked probable cause to arrest him, and, therefore, his claims for unlawful seizure, false arrest, and malicious prosecution failed. (*Id*. at PageID# 219.) And since there was no underlying constitutional violation, the Court also dismissed Crable's *Monell* claim against the City. (*Id*. at PageID# 220.) The Court then declined to exercise supplemental jurisdiction over Crable's four remaining state-law claims. (*Id*.)

On February 26, 2024, Crable filed his Motion for Reconsideration. (Doc. No. 33.) On March 11, 2024, Defendants filed their Opposition. (Doc. No. 34.) Though he had time to do so, Crable did not file a reply in support of his Motion.

## II.  Law and Analysis

### A.  Rule 59(e) and Rule 60(b) Standards

Crable brings his Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (5). (Doc. No. 33, PageID# 224.)

Rule 59(e) permits a party to move to amend or alter a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009). Rule 59(e) does not permit a party "to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Rule 60(b)(1) permits relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(3) permits it for "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). And Rule 60(b)(5) permits it where there is a "significant change either in factual conditions or in law." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 847 (6th Cir. 2017) (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)). Each of these grounds requires proof by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### B.  Analysis

Crable makes two arguments. The Court will address each in turn.

2

First, Crable argues that the Court "erroneously relied" on multiple cases in its Memorandum Opinion and Order. (Doc. No. 33, PageID# 227-28.) Specifically, he asserts that the Court erroneously applied a summary judgment standard to Defendants' Motion for Judgment on the Pleadings, which amounts to a clear error of law under Rule 59(e). This argument lacks merit. In its Opinion, the Court applied Rule 12(c) and relevant Sixth Circuit case law, to include precedent that, in certain circumstances, permits a district court to consider video evidence in qualified immunity cases at the motion-to-dismiss stage. (*See* Doc. No. 31, PageID# 210-212.)

Second, Crable contends that Defendants' counsel—"officers of the court" as Crable alleges—committed "fraud, misrepresentation, and misconduct" by attaching a 50-second video clip of an officer's body cam to Defendants' Motion for Judgment on the Pleadings. (Doc. No. 33, PageID# 226.) Crable's argument invokes Rule 60(b)(3). Fraud under Rule 60(b)(3) is "the knowing misrepresentation of material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc.*, 538 F.3d at 456. This argument also lacks merit. As an initial matter, Crable must show fraud with clear and convincing evidence, but he offers none. *Id*. Moreover, since the Court did not rely on the body cam video, it was not material to the Court's decision. And lastly, even if the body cam video was material, Defendants' counsel did not misrepresent or conceal it.

### III. Conclusion

For the foregoing reasons, the Court DENIES Crable's Motion for Reconsideration. (Doc. No. 33.)

**IT IS SO ORDERED.**

Dated: March 29, 2024　　　　　　　　　　　　　　　　_s/ Pamela A. Barker_
　　　　　　　　　　　　　　　　　　　　　　　　　　PAMELA A. BARKER
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE